# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5588 | **DATE** | 9/13/2012 |
| **CASE TITLE** | Spencer Williams (M-01250) vs. Director of I.D.O.C., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the court denies Petitioner's motions for leave to proceed *in forma pauperis* [10], [11] and dismisses the instant action. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547-48 (7th Cir. 1998)(finding that a "district court did not abuse its discretion in dismissing the complaint with prejudice for filing an application to proceed *in forma pauperis* with intentional misrepresentations as to [plaintiff's] true financial status"). Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Spencer Williams' (Williams) motions for leave to proceed *in forma pauperis*. On July 30, 2012, the court denied Williams' first motion for leave to proceed *in forma pauperis* because Williams had failed to provide a certified copy of his trust fund account statement for the 6-month period immediately preceding the filing of his habeas petition, consistent with the requirements of 28 U.S.C. § 1915(a)(2). The court gave Williams until August 28, 2012 to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with the required certified copy of his trust fund account statement. The court also warned Williams that if he failed to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form with the required certified copy of his trust fund account statement by August 28, 2012, this case would be dismissed.

Williams has filed two *in forma pauperis* application forms since the court's July 30, 2012 order, and has attached a certified copy of his prison trust account statement to each. Williams indicates on each of his *in forma application* forms that, besides the current wages he earns at the Western Illinois Correctional Center, he has not received more than $200.00 in income from any source in the past twelve months. (IFP Par. 3). However, a review of Williams' certified prison trust account statements reveals that in the past six

**STATEMENT**

months alone, $760.00 has been deposited into Williams' account in addition to various payroll deposits. Williams has provided inaccurate information to the court as to his income, and therefore, the court denies his motions for leave to proceed *in forma pauperis* and dismisses the instant action. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547-48 (7th Cir. 1998)(finding that a "district court did not abuse its discretion in dismissing the complaint with prejudice for filing an application to proceed *in forma pauperis* with intentional misrepresentations as to [plaintiff's] true financial status").